No. 24,808.

W. A. DURST, as Administrator of the Estate of I. V. EVANS, Deceased, *Appellant*, v. RENA B. SLUSHER, *Appellee*.

SYLLABUS BY THE COURT.

ACTION ON PROMISSORY NOTES—*Notes Procured by False Representations— Instructions as to Burden of Proof*. Upon an examination of instructions given to the jury as to the burden of proof, it is held that they were not so inconsistent as to be misleading or to justify a reversal of the judgment.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed December 8, 1923. Affirmed.

*E. A. Rea,* and *E. C. Flood,* both of Hays, for the appellant.

*J. P. Shutts,* of Hays, *O. C. Mosman, Clay C. Rogers,* and *Paul A. Buzard,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by I. V. Evans to recover from Rena B. Slusher $7,500, represented by three promissory notes, each for the sum of $2,500, payable respectively in ninety, one hundred and eighty, and two hundred and seventy days from date. Plaintiff set up two of the notes in separate counts in his petition and alleged that all of them were given in a sale by defendant to plaintiff of an interest in an oil lease for which payment had been made, and that subsequently when a controversy arose between them as to the assignment of the interest and the completion and carrying out of the terms of the sale, it was mutually agreed that the contract of sale should be rescinded and that defendant should pay plaintiff $7,500 in three equal installments of $2,500, for which notes were to be given. It was alleged that defendant executed the three notes, but that the scrivenor who prepared them omitted to write into one of those executed the amount of money to be paid by the maker, and plaintiff asked a recovery of the amount of that installment which was intended to be included in the defective note. In a verified answer the defendant denied that the notes were valid instruments or that she was indebted to him in any amount. She further stated that if the notes were signed by her the signatures were obtained by fraudulent representations, threats and duress. She averred that prior to and at the date of the

notes she was suffering with a fever, confined to her bed and was physically and mentally unable to transact any kind of business, and while in that condition the plaintiff wickedly and fraudulently represented to her that she had committed some offense in the leasing transaction and had violated the penal statutes of both Missouri and Oklahoma, and that unless she executed the notes he would prosecute her and cause her to be imprisoned in the state penitentiary. ` She alleged that in her weak and nervous condition she was unable to comprehend or understand her acts, and because of the fraudulent representations and threats she felt compelled to sign the notes at a time when the plaintiff well knew her condition, and that she owed him nothing. Before the trial the plaintiff died intestate and the action was revived in the name of, and has since been prosecuted by, W. A. Durst, who was appointed as administrator of the estate of Evans, deceased. While the trial was in progress the plaintiff dismissed his third claim of $2,500 and only asked for judgment on two of the notes set forth in the petition. The trial resulted in a verdict for the defendant, of which result plaintiff complains.

In his appeal he brings up only a small part of the evidence for plaintiff and none of that produced by the defendant. His only assignment of error is the giving of the following instruction:

"You are instructed that you cannot find for the plaintiff in this case unless the plaintiff has proven to your reasonable satisfaction that on or about the 28th day of August, 1919, the defendant and I. V. Evans, mutually, orally agreed to cancel and rescind the written contract of August 1, 1919, and to release each other from all obligations by reason of said contract and that as a part of said contract and agreement of rescission, if you find there was one, the defendant executed the notes in question."

The contention is that in this instruction the court placed the burden of proof on the plaintiff to prove the averments as to a rescission of the contract and the release of each party from its obligations. As to the burden of proof the court in other instructions told the jury that the notes sued on imported a consideration and that the burden of proof was upon the defendant to prove the defenses she had alleged. In treating the defense of duress the jury was instructed that the burden was on the defendant to show the fraud and duress alleged by clear and convincing evidence. In speaking of the defense as to no consideration of the notes, the jury was instructed that in the absence of evidence to the contrary, the

Durst, *Administrator*, v. Slusher.

notes were presumed to have been made for a consideration, but if it were shown by clear and convincing evidence to the satisfaction of the jury that there was no consideration for the notes, they should find for the defendant. Thus the court specifically relieved the plaintiff of the burden of producing the evidence as to the execution and validity of the notes although the defendant had verified her answer alleging that the notes were fraudulently obtained and that there was fraud in their inception. The plaintiff at least has no ground to complain of the charge dealing with the specific instructions as to burden of proof, either those relating to the notes or the affirmative defenses pleaded by the defendant. It is conceded by plaintiff that he has no reason to complain of these, but his claim is that the challenged instruction was inconsistent with the others and that inconsistency in instructions is reversible error.

It is evident that the challenged instruction was not treated by the court as one relating to the burden of proof. It was general in its terms and related only to the negotiations that preceded the execution of the notes. These negotiations had been set forth by plaintiff in his petition and the court simply instructed the jury that it devolved on plaintiff to establish them to the satisfaction of the jury. The instruction was unaptly worded, but in view of the specific instructions of the court as to burden of proof, it is not deemed to have been misleading or to constitute a ground of reversal. Not every verbal slip or departure from the straight legal path in the trial of a case justifies the overthrow of a verdict. Unless a technical irregularity or error affirmatively appears to have affected the substantial rights of the appellant, it is to be disregarded. (Civ. Code, § 581.)

Judgment affirmed.